**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Victoria Rutigliano, *on behalf of herself and all others similarly situated*, | : Civil Action No.: 3:12-cv-01532 |
| Plaintiff, | : |
| v. | : |
| Convergent Outsourcing, Inc. d/b/a ER Solutions, | : **CLASS ACTION COMPLAINT** |
| Defendant. | : |

Plaintiff, Victoria Rutigliano, by and through her undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1.     Plaintiff, Victoria Rutigliano ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Convergent Outsourcing, Inc. d/b/a ER Solutions ("Convergent" or "Defendant").  Defendant negligently, knowingly, and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") and Connecticut Unfair Trade Practices Act ("CUTPA").

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction over Plaintiff's TCPA claims. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

3.     Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332(d)(2), as Plaintiff seeks up to $1,500.00 in damages for each violation of the TCPA, which when aggregated among a proposed class numbering more than a thousand members, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Plaintiff also alleges a national class which will result in at least one class member residing in a different state.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Connecticut, a substantial portion of the events or omissions giving rise to the claim occurred in this District, and Defendant regularly conducts business in this District.

### PARTIES

5.      Plaintiff is, and at all times mentioned herein was, an adult individual residing in Middlefield, Connecticut.

6.      Convergent is, and at all times mentioned herein was, a Washington business entity headquartered in Renton, Washington.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

7.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.      The TCPA regulates, among other things, the use of automated telephone dialing systems.

9.      47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

(A)      to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B)      to dial such numbers.

10.      Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

11.      According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance

and invasion of privacy than live solicitation calls.  The FCC also recognized that wireless customers are charged for incoming calls.[1]

12.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

## ALLEGATIONS APPLICABLE TO ALL COUNTS

13.     Upon information and belief, Defendant employs an ATDS which meets the definition set forth in 47 U.S.C. § 227(a)(1).

14.     Beginning in or around October 2012, Defendant has repeatedly contacted Plaintiff on Plaintiff's cellular telephone using an "artificial or prerecorded voice" as defined by 47 U.S.C. § 227(b)(1)(A).

15.     The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

16.     Pursuant to the contract with her cellular service provider, Plaintiff is charged for incoming calls made to her cellular telephone.

17.     Defendant did not have prior express consent to place automated or prerecorded calls to Plaintiff on her cellular telephone.

18.     Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

19.     Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone

with an ATDS using a prerecorded voice.

## CLASS ACTION ALLEGATIONS

### A.  The Class

20.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf

of herself and all others similarly situated.

21.     Plaintiff's proposes the following Class definitions, subject to amendment as

appropriate:

> **Class Definition.** **All persons within the United States who received one or more non-emergency telephone calls from Convergent to a cellular telephone through the use of an ATDS or an artificial or prerecorded voice and who did not provide prior express consent for such calls.**

> **CUTPA Subclass.** **All persons in Connecticut who received one or more non-emergency telephone calls from Convergent to a cellular telephone through the use of an ATDS or an artificial or prerecorded voice and who did not provide prior express consent for such calls.**

22.     Excluded from the Classes are all officers, directors, and employees of Defendant,

together with those individuals' immediate family members, and their respective legal

representatives, heirs, successors and assigns, the officers, directors and employees of any

parent, subsidiary or affiliate of Defendant, together with those individuals' immediate family

members, Counsel for Defendant and Class Counsel and their immediate family members, in

addition to those whose claims are barred by the statute of limitations.

### B.  Numerosity

23.     Upon information and belief, Defendant has placed hundreds of throusands of

automated calls using an artificial or prerecorded voice to cellular telephone numbers belonging

to thousands of consumers throughout the United States without their prior express consent.  The

members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**C.  Common Questions of Law and Fact**

25.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual Class members.

26.     The following questions of law and fact common to the Class members are ripe for determination:

    a.   Whether Defendant made non-emergency calls to Plaintiff and Class members' cellular telephones using an ATDS or an artificial or prerecorded voice;

    b.   Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

    c.   Whether Defendant's conduct was knowing willful, and/or negligent;

    d.   Whether Defendant is liable for damages, and the amount of such damages; and

    e.   Whether Defendant should be enjoined from such conduct in the future.

27.     The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely places automated calls using an artificial or prerecorded voice to telephone numbers assigned to cellular telephone services, Plaintiff and Class members will have identical claims capable of being efficiently adjudicated and

5

administered in this case.

**D.  Typicality**

28.     Plaintiff's claims are typical of the claims of the Class since each of the claims

arises from the same or a substantially similar automated telephone call.


**E.  Protecting the Interests of the Class Members**

29.     Plaintiff will fairly and adequately represent Class interests.

30.     All Class claims arise from the very course of conduct and specific activities

complained of herein and require application of the same legal principles.

31.     Plaintiff has retained counsel with extensive experience in litigating class actions

and consumer claims and who stands ready, willing, and able to represent the Class.

**F.  Proceeding Via Class Action is Superior and Advisable**

32.     A class action is superior to other available methods for the fair and efficient

adjudication of this controversy.

33.     Absent a class action, most members of the Class would find the cost of litigating

their claims to be prohibitive, and therefore would have no effective remedy at law.

34.     The members of the Class are generally unsophisticated individuals whose rights

will not be vindicated absent a class action.

35.     The class treatment of common questions of law and fact is also superior to

multiple individual actions or piecemeal litigation in that it conserves the resources of both the

Court and the litigants, and promotes consistency and efficiency of adjudication.

36.     Prosecution of separate actions could result in inconsistent or varying

adjudications with respect to individual Class members that would establish incompatible

standards of conduct for Defendant.  Conversely, adjudications with respect to individual Class

6

members would be dispositive of the interest of all other Class members.

37.     The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner to vindicate the injuries sustained by Plaintiff and the other members of the Class.

**COUNT I**
**Negligent Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227, *et seq.***
**(On Behalf of All Class Members)**

38.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

39.     Defendant negligently placed multiple automated calls using an artificial or prerecorded voice to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

40.     Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

41.     As a result of Defendant's negligent violations of the TCPA, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

42.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

**COUNT II**
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act,**
**47 U.S.C. § 227, *et seq.***
**(On Behalf of All Class Members)**

43.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

44.     Defendant knowingly and/or willfully placed multiple automated calls using an

7

artificial or prerecorded voice to cellular numbers belonging to Plaintiff and the other members of the Class without their prior express consent.

45.     Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

46.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

<u>COUNT III</u>
<u>Violation of Connecticut Unfair Trade Practices Act, C.G.S. § 42-110b</u>
**(On Behalf of CUTPA Subclass)**

48.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

49.     Defendants engaged in a pattern of deceptive and unfair trade practices, designed to mislead and injure consumers, including Plaintiff and consumers, by robocolling consumers' cell phones without first obtaining their consent.

50.     The aforesaid acts are immoral, unethical, oppressive, deceptive and unscrupulous and, as such, constitute unfair and deceptive trade practices under Connecticut General Statutes § 42-110b.

51.     The aforesaid acts caused substantial injury to Plaintiff and the other members of the Class in the form of an ascertainable loss of money, entitling the Plaintiff and the other members of the Class to damages under Connecticut General Statutes § 42-110g.

52.     By virtue of the foregoing, Plaintiff and the other members of the Class are entitled to recover damages as prayed for herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Class the following relief against Defendant:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

2. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

4. Treble damages pursuant to Conn. Gen. Stats. §§ 52-564;

5. An award of attorney's fees and costs to counsel for Plaintiff and the Class; and

6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 26, 2012

Respectfully submitted,

By  */s/ Sergei Lemberg*_____

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
*Attorneys for Plaintiff*

9